UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>TODD HAWORTH,<br><br>　　　Defendant. | Case No. 4:05-cr-00014-BLW-4<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Todd Haworth's Motion for Early Termination of Supervised Release (Dkt. 316). Having reviewed the Motion and the Government's Response (Dkt. 319), the Court now issues its decision. For the reasons explained below the Court will grant the Motion.

## BACKGROUND

In December, 2005, this Court sentenced Mr. Haworth to 276 months of incarceration on a conviction of Conspiracy to Possess with Intent to Distribute Methamphetamine. (Dkt. 184). Mr. Haworth's sentence also included five years of supervised release following completion of his prison sentence. On October 13, 2015, Mr. Haworth's sentence was reduced to 235 months on a motion pursuant to pursuant to 18 U.S.C. § 3582(c)(2). On January 19, 2017, Mr. Haworth received an

Executive Grant of Clemency from President Barack Obama, granting him a commutation of his sentence, effective January 19, 2019 (Dkt. 308). The clemency left intact Mr. Haworth's term of supervised release and required him to enroll in the Residential Drug Abuse Program (RDAP) within 14 days.

Currently, Mr. Haworth has completed approximately two years of his supervised release and explains in his pro se request that while in custody he completed both RDAP courses (in-patient and out-patient). Following his release, he obtained a Class A commercial driver's license (CDL) and has gainful employment. He states that he has custody of both of his sons. He moved to Wyoming in June, 2019, purchased a house, and "enjoys contributing to society daily in a positive manner." He further requests to be released from "federal probation." (Dkt. 316). Mr. Haworth's United States Probation Officer, Joseph Walton, sent an email to the Idaho U.S. Probation Office, stating that he is happy to report that Mr. Haworth has done "incredibly well."

> He and his family moved into a nice home and he has maintained stable employment. He has had no issues with maintaining sobriety and is always willing to complete the tasks I have assigned him. While it is not the halfway point of his supervision, based on everything Todd has accomplished, I am more than comfortable supporting his early discharge at this time.

(Dkt. 319).

## ANALYSIS

The Court has broad discretion to impose terms of supervised release.

*United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. §

3583(e)(1). This includes the discretion to terminate such release after Defendant

has served one year of their supervised release. *Id.* In deciding whether to

terminate supervision, the court must review a number of sentencing factors which

include:

> 1) the nature and circumstances of the offense and the history and
> characteristics of the defendant; (2) deterrence; (3) protection of the
> public; (4) the need to provide the defendant with educational,
> vocational training, medical care or other rehabilitation; (5) the
> sentence and sentencing range established for the category of
> defendant; (6) any pertinent policy statement by the Sentencing
> Commission; (7) the need to avoid unwarranted sentence disparities
> among defendants with similar records who have been found guilty of
> similar conduct; and (8) the need to provide restitution to any victims
> of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C),
> (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D.

Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3

(9th Cir.2007)). However, in rendering its decision the Court shall simply provide

an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at

821-22. The Court need not elaborate unnecessarily. *Id.*

For Mr. Haworth, "mere compliance with the terms of supervised release is

what is expected, and without more, is insufficient to justify early termination."

*Emmett*, 749 F.3d at 823 n.2 (quoting *United States v. Grossi*, No. CR-04-40127, 2011 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012)). Defendants seeking an early release must instead show something more—something unusual or extraordinary. *Accord United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013).

Here, both the Court and the government have concluded that Mr. Haworth has indeed shown something unusual or extraordinary. First, he was granted Executive Clemency from President Obama. Second, he has won over his probation officer, who has placed him on minimal supervision and believes that he will succeed if he is released from supervision. The probation officer has given Mr. Haworth a glowing report—stating that he is doing everything right and has completely turned his life around. The probation officer believes that Mr. Haworth no longer needs supervision. The probation officer sees him as unlikely to reoffend and does not believe he is a danger to the community. Mr. Haworth is successfully employed, having obtained his CDL. He is a family man and has purchased a home.

After consideration of the § 3553(a) factors addressed above, the Court and the government believe that early termination is "warranted by the conduct of the defendant" and "in the interest of justice." 18 U.S.C. § 3583(e)(1). Although the nature of Mr. Haworth's offense was serious and the time he has served has been far less time than the originally imposed sentence, Mr. Haworth's conduct after his

incarceration has demonstrated an extraordinary turnaround. Therefore, the Court will grant the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 316) is **GRANTED**.

DATED: March 1, 2021

B. Lynn Winmill
U.S. District Court Judge